ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL
**OATA-2024-119[1]**

| ESTADO LIBRE ASOCIADO DE PUERTO RICO  RECURRIDO  v.  MARÍA MILAGROS CHARBONIER LAUREANO POR SÍ Y EN REP. DE LA SLG, ETC, Y OTROS  PETICIONARIA | KLCE202401198 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan  Civil Número: SJ2024CV05780  Sobre: Daños y perjuicios, enriquecimiento injusto |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y el Juez Campos Pérez

Ortiz Flores, Jueza Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de noviembre de 2024.

Comparece ante este foro intermedio la señora María Milagros Charbonier Laureano (Sra. Charbonier Laureano; peticionaria) mediante un recurso de *Certiorari* en el cual recurre de la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI) el 5 de agosto de 2024 y notificada al día siguiente 6 de agosto de 2024. En dicha orden interlocutoria, el foro primario declaró No Ha Lugar la desestimación solicitada por la peticionaria. Por tal motivo, nos solicita la desestimación sin perjuicio de la causa de acción presentada en su contra, por la ausencia de jurisdicción sobre la controversia por falta de madurez.

**I**

El 25 de junio de 2024, el Estado Libre Asociado de Puerto Rico (Estado; recurrido) presentó una *Demanda* contra la Sra. Charbonier Laureano donde reclamó el resarcimiento monetario equivalente al triple del daño económico ocasionado al erario al amparo del *Código Anticorrupción para el Nuevo Puerto Rico*, Ley 2-2018.[2] Esto último, porque

---

[1] Mediante la Orden Administrativa OATA-2024-119, se designó al Hon. José Ignacio Campos Pérez en sustitución de la Hon. Lersy G. Boria Vizcarrondo por inhibición.
[2] Apéndice del recurso, págs. 29-84.

Número Identificador
RES2024_____

el Tribunal Federal para el Distrito de Puerto Rico declaró culpable a la peticionaria por haber incurrido en conductas constituyentes de corrupción. Una vez emplazada, el 8 de julio de 2024, la peticionaria presentó una *Moción de Desestimación* donde alegó que la causa de acción presentada en su contra no era justiciable por razón de que era prematura.[3] Al respecto, argumentó que ello era así porque la totalidad de los hechos y los fundamentos que sostenían la *Demanda* no poseían la madurez necesaria para lograr una adjudicación judicial.[4] Añadió, que todavía existían asuntos del caso federal que estaban pendiente de adjudicación, lo que no permitía que la peticionaria recibiera una sentencia formal que pusiera punto final a las controversias del caso para esta poder ejercer su derecho a apelar.[5] Por esta línea, planteó que mientras no existiera una sentencia final y firme que sostuviera las alegaciones en la *Demanda* instada en su contra, toda reclamación resultaba prematura.[6] Por último, indicó que la situación fue agravada puesto que, mediante la presentación de la *Demanda*, el Estado pretendía realizar descubrimiento de prueba sobre hechos fundamentales que afectaban sus derechos otorgados por la Constitución de los Estados Unidos de América.[7]

En respuesta a lo anterior, el Estado presentó su oposición.[8] Expuso el recurrido que la Ley, entiéndase el *Código Anticorrupción para el Nuevo Puerto Rico*, no exigía una sentencia como requisito imprescindible para presentar su acción, puesto que un dictamen cumple un rol meramente facilitador para probar el caso, pero este igual podía ser probado mediante preponderancia de la prueba al tratarse de un pleito civil.[9] Adicionalmente esbozó que "la decisión del juzgador en el caso de autos deberá ser realizada a base de la sentencia de convicción en contra de la [peticionaria], si esta es confirmada en los foros apelativos, en unión a la preponderancia

---

[3] Apéndice del recurso, págs. 85-90.
[4] Apéndice del recurso, pág. 85.
[5] Apéndice del recurso, págs. 88-89.
[6] Apéndice del recurso, pág. 86.
[7] *Id.*
[8] Apéndice del recurso, págs. 91-102.
[9] Apéndice del recurso, págs. 92-93.

de la prueba que se le presente en relación a los daños del erario".[10] De igual manera expresó el recurrido que, asumiendo que los derechos constitucionales a los que se refirió la Sra. Charbonier Laureano se trataban de su derecho a la no autoincriminación, este no se activaba con la mera presentación de una demanda en su contra.[11]

Luego de expuestas las posiciones de cada una de las partes, el TPI emitió una *Orden* el 5 de agosto de 2024 en la cual dispuso lo siguiente:

> Evaluada la posición de ambas partes, se declara no ha lugar la solicitud de desestimación presentada por la codemandada María Milagros Charbonier Laureano, a base de los fundamentos esbozados por la parte demandante. Tiene la parte codemandada María Milagros Charbonier Laureano 30 días para contestar la demanda.[12]

Inconforme con lo ordenado por el foro primario, la peticionaria presentó oportunamente una *Solicitud de Reconsideración*[13] la cual fue igualmente declarada No Ha Lugar por el TPI.[14] Aún inconforme, la Sra. Charbonier Laureano acude ante nosotros mediante el recurso de epígrafe y expone el siguiente señalamiento de error:

> ERRÓ EL TPI AL AUTO CONCEDERSE JURISDICCI[Ó]N PARA ATENDER UN ASUNTO SEGÚN ERA REQUERIDO POR EL ESTATUTO INVOCADO POR EL DEMANDANTE.

Adelantamos que se deniega la expedición del auto de *certiorari* sin trámite ulterior bajo lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5).[15]

**II**

El auto de *certiorari* es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior". *IG Builders v. BBVAPR*, 185 DPR 307, 337-338 (2012), que cita a: *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Se trata de un recurso discrecional, para

---

[10] Apéndice del recurso, pág. 96.
[11] Apéndice del recurso, pág. 92.
[12] Apéndice del recurso, pág. 28.
[13] Apéndice del recurso, págs. 2-13.
[14] Apéndice del recurso, pág. 1.
[15] Esta regla nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho".

el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. *IG Builders v. BBVAPR*, *supra*. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 (Regla 52.1). En específico, la Regla 52.1 dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […]

De acuerdo con la anterior disposición legal y la jurisprudencia interpretativa, nos corresponde realizar un análisis dual para determinar si se expide o no un auto de *certiorari*. Este examen consta de una parte objetiva y otra parte subjetiva. Por ello, en primer lugar, tenemos que analizar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de uno de los asuntos específicos establecidos en la Regla 52.1, toda vez que esta enumera taxativamente bajo qué materias, solamente, se podrá expedir el auto de *certiorari*. En aquellos en los que la materia no esté comprendida dentro de la regla, el tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente.

Superada esta etapa, corresponde analizar si bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (Regla 40), debemos o no expedir el auto de *certiorari*. A esos fines, la Regla 40 establece los

criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

A su vez, los foros apelativos "no debemos intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso abuso de discreción, perjuicio, error manifiesto o parcialidad". *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), que cita a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Asimismo, con relación a determinaciones interlocutorias discrecionales procesales, no debemos sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, "salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción". *Meléndez v. Caribbean Int'l News*, 151 DPR 649, 664 (2000).

**III**

La Sra. Charbonier Laureano aduce en su único señalamiento de error que el TPI no tiene jurisdicción para atender la acción civil presentada por estar relacionada a una *Sentencia* que aún no ha advenido final y firme. Alega, que el *Código de Anticorrupción para un Nuevo Puerto Rico* exige como requisito en su Artículo 5.2, que una acción civil presentada bajo este

estatuto esté acompañada de una certificación de la sentencia que atestigüe que el sujeto incurrió en acciones u omisiones en menoscabo del erario. De una somera lectura del estatuto en cuestión, queda claro que a la peticionaria no le asiste la razón. Veamos.

En primer lugar, el Artículo 5.2 únicamente dispone la posibilidad de que el Estado, a través del Secretario de Justicia, presente ante el TPI una reclamación monetaria equivalente al triple del daño económico causado al erario. Enuncia el Artículo explícitamente lo siguiente:

> Se dispone que el Gobierno de Puerto Rico, a través del Secretario de Justicia, podrá presentar acciones civiles ante el Tribunal de Primera Instancia de Puerto Rico contra toda persona natural o jurídica que haya incurrido en acciones u omisiones negligentes, culposas o ilícitas en menoscabo del erario, con el fin de reclamar que se le adjudique una indemnización monetaria equivalente al triple del daño económico ocasionado al erario mediante dicha conducta.
> 3 LPRA sec. 1885a.

Categóricamente, nada indica sobre la necesidad de que haya un fallo condenatorio de por medio y mucho menos que este haya advenido final y firme. Por otro lado, el Artículo 5.4 dispone sobre el *quantum* de prueba y aclara lo siguiente:

> Para fines de la reclamación autorizada por el Artículo 5.2 de este Código, la comisión de los actos u omisiones negligentes, culposos o ilícitos en menoscabo del erario podrá evidenciarse mediante la presentación de copia certificada de la sentencia de convicción por cualquier delito grave o menos grave por los mismos hechos, o copia certificada de la resolución de alegación de culpabilidad, producto de un proceso penal en que se juzgue dicha acción u omisión ante un foro competente.
>
> En aquellos casos en que la convicción o alegación de culpabilidad no fuere declarada bajo las leyes de Puerto Rico, sólo podrán considerarse para efectos de esta Ley aquellas sentencias o decretos de autoridades judiciales competentes en que se haya declarado la culpabilidad del acusado más allá de toda duda razonable en acusaciones por delitos cuya tipificación exija probar todos los elementos de algún delito tipificado en las Leyes de Puerto Rico.
>
> **La convicción no será un requisito para que proceda la acción civil autorizada en este Título.** Pero si requerirá la existencia de un referido oficial capaz de permitirle realizar la correspondiente investigación por el Secretario de Justicia. **En los casos en los que no haya precedido a la acción civil una convicción o alegación de culpabilidad en un proceso penal por los mismos hechos, la comisión de los actos u omisiones negligentes, culposos o ilícitos en**

**menoscabo del erario podrá evidenciarse por preponderancia de la prueba.**

Una vez probado que se ha incurrido en una acción u omisión negligente, culposa o ilícita se procederá a establecer, por preponderancia de la prueba, el monto del daño ocasionado al erario. (Énfasis nuestro.) 3 LPRA sec. 1885c.

A diferencia del argumento de la peticionaria, el estatuto es claro en expresar rotundamente que una convicción no será imprescindible para presentar una acción civil autorizada por este. Como corolario de lo anterior, el TPI no asumió jurisdicción improcedente, sino que la posee. Por tal motivo, no hallamos nada en el expediente ante nuestra consideración, así como tampoco en los fundamentos expuestos por la peticionaria que nos lleve a concluir que, con su determinación, el TPI incurrió en error, prejuicio o parcialidad. Siendo ello así, no se justifica nuestra intervención con la determinación de dicho foro. En consecuencia, al amparo de la Regla 40 de nuestro Reglamento, *supra*, denegamos la expedición del auto de *certiorari* solicitado.

**IV**

Por los fundamentos expuestos, denegamos expedir el auto de *certiorari* solicitado.

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones